**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

AMANDA K. VIRDEN                                                                PLAINTIFF

v.                                         5:19-cv-00318-BSM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Amanda K. Virden, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and recommend the

Complaint be DISMISSED.

Plaintiff is young – only thirty-four years old.  (Tr. 34.)  She has an eleventh-grade

education (Tr. 36) and no past relevant work.  (Tr. 22.)

The ALJ[1] found Ms. Virden had not engaged in substantial gainful activity since January

19, 2017 - the application date.  (Tr. 12.)  She has a number of "severe" impairments, (*id.*), but

the ALJ found Ms. Virden did not have an impairment or combination of impairments meeting or

equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 13-14.)

The ALJ determined Ms. Virden had the residual functional capacity (RFC) to perform a

reduced range of light work given her physical and mental impairments.  (Tr. 14.)  Since Ms.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Virden has no past relevant work, the ALJ called upon on a vocational expert to help determine if Ms. Virden could perform substantial gainful activity given her RFC. (Tr. 55-57.) Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of price tag ticketer and hotel housekeeper. (Tr. 23.) Accordingly, the ALJ determined Ms. Virden was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ failed to fully develop the record. (Doc. No. 14 at 6-11.) She specifically says:

> The fact that each of these five [medically determinable impairments] met severity would ordinarily require there to be correlating physical work restrictions assessed at Step Four attributable to the effects of each of these enumerated impairments. The ALJ's Step Four RFC included physical restrictions, specifically a full range light RFC determination. [Tr. 14] This RFC is flawed if it does not include work restrictions from the Step Two impairments as well as their combination with any nonsevere impairments. . . . Plaintiff alleges there are omissions will [*sic*] are a direct result of the ALJ's failure to fully develop the record.

(*Id.* at 7.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light

work. Moreover, Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). As the Commissioner points out, there is no requirement that the ALJ's RFC assessment be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Here, there are numerous records from numerous mental and physical examinations as well as the results from a host of diagnostic testing that support the ALJ's conclusions. (Tr. 363-368, 388-390, 392-398, 401-405, 568-573.)

Plaintiff also contends the ALJ erred in failing to find her obesity was a "severe" impairment. (Doc. No. 14 at 11-13.) Plaintiff correctly argues she mentioned her obesity as a medically determinable impairment in her prehearing memorandum. (Tr. 224.) But as the Commissioner counters, Ms. Virden did not allege obesity in her application for benefits, (Tr. 162), and did not mention obesity at the administrative hearing. (Tr. 38-55.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>
> (2) Capacities for seeing, hearing, and speaking;

(3)  Understanding, carrying out, and remembering simple instructions;

(4)  Use of judgment;

(5)  Responding appropriately to supervision, co-workers and usual work situations; and

(6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The medical evidence simply fails to show her obesity substantially impacted her ability to work.  And she has not provided any medical evidence to support an allegation her obesity amounted to a "severe" impairment.  Accordingly, I find the ALJ could rightly determine Plaintiff's obesity was not a severe impairment.

Plaintiff also says the ALJ "erroneously failed to properly evaluate [Ms. Virden's] subjective complaints and apply the *Polaski* factors."  (Doc. No. 14 at 13.)  I note this argument also ties into her arguments regarding the ALJ's RFC assessment because this assessment is largely based on an ALJ's assessment of a claimant's subjective symptoms.  (*Id.* at 17-20.)

The ALJ analyzed Ms. Virden's symptoms in light of Social Security Ruling 16-3p.  (Tr. 14-22.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1.  the claimant's daily activities;

2.  the duration, frequency and intensity of the pain;

3.  precipitating and aggravating factors;

4.  dosage, effectiveness and side effects of medication;

5.  functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

While not making specific reference to *Polaski* in analyzing Ms. Virden's symptoms, the ALJ thoroughly evaluated her subjective complaints. (Tr. 43.) As the ALJ concluded, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 16.) The ALJ's conclusion is supported by the objective medical evidence. Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. The degree of Ms. Virden's alleged limitations are simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or RFC.

Additionally, given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Virden clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some limitation given the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 20th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE